UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW BECKER, ET. AL.,

    Plaintiffs/Petitioners,
v.                              CASE NO.: 8:10-cv-522-T-33AEP

T.I. HOLDINGS, INC., ET. AL.,

    Defendants,
and

THE CITY OF TREASURE ISLAND, FLORIDA, ET AL.,

    Respondents.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiffs' Motion For Remand (Doc. # 7), which was filed on March 11, 2010. On April 5, 2010, Defendants, T.I. Holdings, Inc., Gulf Sands Properties, LLC, and T.A. Holding, One, LLC, filed a response in opposition to the Motion for Remand. (Doc. # 18). Respondents have not weighed in on the Motion for Remand. For the reasons that follow, the Court has determined that remand is appropriate, and as such, the Motion for Remand is due to be **GRANTED.**[1]

---

[1] While the Court acknowledges that there are currently two motions to dismiss pending (Doc. ## 4 and 11), the Court finds that remand, rather than dismissal, is appropriate at this stage of the proceedings.

1

I.  **Factual Background and Procedural History**

Plaintiffs, various residents of the City of Treasure Island, demand that Caddy's on the Waterfront (a local restaurant owned by Defendants), comply with the "laws of the local, state, and national government." (Doc. # 7 at 4.) In addition, Plaintiffs demand that Respondents, the City of Treasure Island and various city employees, enforce such laws.

According to Plaintiffs, Caddy's has grown from a "typical beach restaurant and bar" to become an "entertainment mecca." (Id.)[2] Plaintiffs further assert that as Caddy's grew, its "impact on residents of the surrounding neighborhood rose to an appalling level." (Id.) Finally, Plaintiffs submit that the City of Treasure Island has "failed to enforce its own laws," and that "Caddy's has done very little to rectify the enormous wrong created by its rapid and unfettered growth." (Id.)

On January 29, 2010, Plaintiffs filed an amended complaint in state court requesting mandamus, declaratory, and injunctive relief. (Doc. # 2). Plaintiffs' complaint count for a writ of mandamus requests that this Court compel the City of Treasure Island to carry out its ministerial duties to enforce various laws at the local, state, and national level.

---

[2] Plaintiffs remark, "Every Saturday and Sunday resembles the type of indecency, vulgarity, debauchery and nuisance of an out of control spring break party." (Doc. # 7 at 4).

Plaintiffs' declaratory relief count seeks a determination of whether the alleged wrongs created by Caddy's are violative of local, state, and federal laws. The third count, for injunctive relief, seeks to prohibit Caddy's from engaging in any activity violative of various local, state, and national laws.

Defendants removed the case to this Court on February 25, 2010, and assert that removal is proper because "the Amended Complaint seeks relief under federal law, 42 U.S.C. § 12101 [the "ADA"]." (Doc. # 1). On March 11, 2010, Respondents filed a notice indicating that they consent to the removal of this case. (Doc. # 5).

Also on March 11, 2010, Plaintiffs filed the instant Motion for Remand, in which Plaintiffs maintain that they have stated only a state cause of action, and that any reference to the ADA merely is made to support that state action. Plaintiffs request attorney's fees and costs as a sanction for improper removal.

**II.  Legal Standard**

A defendant may remove a case filed in state court to federal court "if the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and

employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat'l Crime Ins. Bureau, 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009). Furthermore, a plaintiff's right to choose his forum carries more weight than a defendant's right to remove. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. Id. (citations omitted). A defendant's burden of proof is therefore a heavy one. Id.

In addition to bearing the burden of proving original jurisdiction, removing defendants are also faced with strict jurisdictional requirements. Federal courts are courts of limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the constitution." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 1994). Generally, the district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

As stated in Merrell Dow Pharm, Inc. v. Thompson, 478 U.S. 804, 808 (1986), "the question of whether a claim arises under federal law must be determined by reference to the well pleaded complaint." The Supreme Court has recently explained that "[u]nder the longstanding well-pleaded complaint rule,

. . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." <u>Vaden v. Discover Bank</u>, 129 S. Ct. 1262, 1272 (2009) (internal citations omitted).

Within these parameters, the Supreme Court has clarified that a cause of action can arise under federal law in one of three ways. <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 8 (1983). First, a federal law may "create the cause of action." <u>Id.</u> at 8-9. Second, a cause of action may arise where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." <u>Id.</u> at 13. Third, a cause of action may arise where "a federal cause of action completely preempts a state cause of action." <u>Id.</u> at 24. The mere mention of a federal statute in a complaint does not create federal question jurisdiction. <u>Hill v. Marston</u>, 13 F.3d 1548, 1550 (11th Cir. 1994).

### III. <u>Analysis</u>

Plaintiffs argue that there is no basis for 28 U.S.C. § 1441 removal under the facts of this case. In addition, Plaintiffs argue that Defendants have not met the unanimity requirement set forth in 28 U.S.C. § 1447, and further argue that none of the exceptions to the unanimity requirement apply in this case. As will be discussed below, the Court

determines that it lacks original jurisdiction in this case, justifying remand, and therefore, analysis of the unanimity requirements for removal is unnecessary.

### A. Original Jurisdiction

As noted above, a defendant may remove a case filed in state court to federal court "if the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The district courts have original jurisdiction over all civil actions that arise under the Constitution or laws of the United States.[3] Here, each of Plaintiffs' three causes of action essentially seek to prevent Defendants from violating the City's ordinances, the ADA, the FADAIA, and other laws.[4]

Defendants submit that the inclusion of the ADA in each complaint count gives this Court original jurisdiction, as the issues regarding the ADA either create the cause of action or provide a federal question as an element of the state law claims. Plaintiffs respond that their reference to the ADA was only to highlight that Defendants are violating laws on the local, state, and national level.

This Court is not persuaded that any of the three causes

---

[3] In this case, it is undisputed that federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 does not exist.

[4] Reference to the "FADAIA" is to the Florida Americans with Disabilities Accessibility Implementation Act, Florida Statute Section 553.501

6

of action are created by the ADA. Even a cursory reading of the amended complaint reveals that the ADA is merely one of numerous laws and ordinances that Defendants are alleged to have violated. Further, the ADA is the only federal statute mentioned in the complaint.

Neither is this Court convinced that the mention of the ADA creates a substantial federal question as an element of what would otherwise be a state law cause of action.[5] Importantly, the Supreme Court explained in Merrell Dow, 478 U.S. at 817, that a complaint alleging a violation of a federal statute as an element of a state cause of action does not necessarily state a claim arising under the laws of the United States when Congress created no private, federal right of action for the violation of the federal law.

Here, while the ADA creates a private right of action for a disabled party, it does not create a private right of action for a party who is not disabled. 42 U.S.C. § 12112(a); Reed v. Heil Co., 206 F.3d 1055, 1061 (11th Cir. 2000) ("A plaintiff advancing a claim. . . under the ADA must make a prima facie case establishing that (1) he has a disability").

In addition, it is well settled that if a party lacks standing to bring a matter before the court, the court lacks

---

[5] Defendants have not argued that federal preemption exists in this case.

jurisdiction to decide the merits of the underlying case. Ass'n for Disabled American, Inc. v. Key Largo Bay Beach, LLG, 407 F. Supp. 2d 1321, 1332 (S.D. Fla. 2005); see Warth v. Seldin, 422 U.S. 490, 498 (1975) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues").

Plaintiffs have not alleged that they are disabled or otherwise suffering from an impairment that would substantially limit any major life activity. Further, they have not alleged that they have ever visited Caddy's on the Waterfront, nor have they alleged that any of the Defendants have discriminated against them or otherwise denied them access to any of Caddy's facilities.[6] It therefore follows that Plaintiffs lack standing to bring any cause of action arising from the ADA. As such, the Court concludes that the inclusion of the ADA in Plaintiffs' amended complaint does not give this Court original jurisdiction over any of the three causes of action contained therein.

In addition, the Court determines that the state law claims predominate the reference to the ADA in Plaintiffs' complaint. None of the three causes of action in the complaint are derived from federal law. Rather, all three are state law

---

[6] In addition, it should be noted that Plaintiffs have not specified which title of the ADA they are seeking relief under.

claims that merely mention the alleged violations of the ADA as support for their contention that Defendants are violating the laws, and Respondents are failing to enforce the laws.

Thus, the Court determines that remand is appropriate. Further, the Court does not find it necessary to address Plaintiffs' unanimity arguments because the Court has determined that none of Plaintiffs' three causes of action arise under federal law, that the Court lacks original jurisdiction over any of the claims, and that the state law issues predominate over the reference to the ADA in the complaint.

### B. **Attorney's Fees**

Plaintiffs also seek reasonable attorney's fees and costs, arguing that Defendants had no reasonable grounds for removing this case to federal court. Further, due to what they have called "the time sensitive nature of their claims," Plaintiffs contend that they have been damaged by the improper removal of this case. (Doc. # 7 at 14.)

The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

Upon due consideration, this Court finds that Defendants

had an ultimately unsuccessful, but objectively reasonable, basis for removal. Therefore, the Court declines to award Plaintiffs' attorney's fees as a sanction for improper removal.

IV. <u>Conclusion</u>

Based on the forgoing analysis, the Court grants the Motion for Remand and orders that this case be remanded to state court. The Court declines to award attorney's fees for improper removal.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. The Motion for Remand (Doc. # 7) is **GRANTED** to the extent that this case will be remanded to state court. Plaintiffs' request for attorney's fees is **DENIED.**

2. The Clerk is directed to **REMAND** this case to the Sixth Judicial Circuit Court in and for Pinellas County, Florida.

3. After remand has been effected, the Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>5th</u> day of August 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record